IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN MIGUEL SWAN,                              )<br>                                                            )<br>            Plaintiff,                               )<br>                                                            )<br>-vs-                                                       )      Case No. CIV-22-778-F<br>                                                            )<br>OKLAHOMA CITY POLICE              )<br>DEPARTMENT, et al.,                         )<br>                                                            )<br>            Defendants.                          ) | |

## ORDER

    Plaintiff John Miguel Swan, a federal prisoner appearing *pro se*, filed a complaint seeking relief under 42 U.S.C. § 1983 against various governmental entities, officers, and employees. The matter was referred to United States Magistrate Judge Amanda Maxfield Green for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B). After screening the complaint pursuant to 28 U.S.C. § 1915A, Magistrate Judge Green issued a Report and Recommendation recommending the court dismiss plaintiff's complaint.

    The court is in receipt of correspondence from plaintiff asking that it be accepted as his objection to the Report and Recommendation. However, in the correspondence, plaintiff does not object to any of Magistrate Judge Green's findings or recommendation. Rather, he states that he voluntarily dismisses his complaint against all the "federal and State Agencies And Employees." Doc. no. 15, ECF p. 1. According to plaintiff, the actual defendants should be "AAA Towing and Their Ins[]urance Representatives." *Id*.

    Rule 41(a)(1)(A)(i), Fed. R. Civ. P., provides that a "plaintiff may dismiss an action without a court order by filing (i) a notice of dismissal before the opposing

party serves either an answer or a motion for summary judgment[.]" Plaintiff's correspondence has been filed before service of an answer or motion for summary judgment by the defendants.

A plaintiff has an absolute right under Rule 41(a)(1)(A)(i) to dismiss without prejudice, and no action is required on the part of the court. Janssen v. Harris, 321 F.3d 998, 1000 (10th Cir. 2003). According to the Tenth Circuit,

> The effect of the filing of a notice of dismissal pursuant to Rule 41(a)(1)(i) is to leave the parties as though no action had been brought. Once the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them.

*Id*.

Plaintiff's correspondence, which voluntarily dismisses his claims against all defendants, is a notice of dismissal under Rule 41(a)(1)(A)(i) and divests the court of jurisdiction.

Because of plaintiff's notice of dismissal, which became effective when filed with the court, the Report and Recommendation (doc. no. 13) is **MOOT**. Also, as this action was terminated upon the filing of the notice of dismissal, the court has no authority to grant plaintiff leave to file an amended complaint naming new defendants. If plaintiff wants to bring an action against other parties, he must file a new complaint against those parties.

DATED this 5th day of December, 2022.

*[signature]*
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

22-0778p001.docx